**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO. 4:08 CV 2837** |
| | ) | **(Consolidated with 4:08 CV 2862)** |
| Appellant, | ) | |
| | ) | **BNK. CASE NO. 04-44837** |
| v. | ) | **(Adversary Proceeding No. 06-4112)** |
| | ) | **JUDGE KAY WOODS** |
| **RIVERSIDE COUNTY,** | ) | |
| **CALIFORNIA,** | ) | **JUDGE PETER C. ECONOMUS** |
| | ) | |
| Appellee. | ) | |
| | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |

This matter is before the Court on appeal from the United States Bankruptcy Court for the Northern District of Ohio. The United States ("Appellant") appeals from the Bankruptcy Court's Order denying its Motion for Leave to Amend Answer and Assert Crossclaim, and from the Bankruptcy Court's Judgment Order With Regard to Riverside County, California/Riverside County Treasurer ("Judgment Order").

## I. PROCEDURAL BACKGROUND

On October 4, 2004, Two Springs Membership Club ("Two Springs") commenced a Chapter 11 bankruptcy proceeding in the United States Bankruptcy Court for the Northern District of Ohio (Case No. 04-44837). Upon Motion of Appellant, the matter was converted to a Chapter 7 bankruptcy proceeding on June 30, 2005. (Bnk. Dkt. #

1

44).[1]  Elaine B. Greaves was thereafter appointed Trustee.  (Bnk. Dkt. # 47).  On October 24, 2005, upon Motion of the Trustee, the Bankruptcy Court entered an order authorizing an auction sale of real property owned by the debtor and located at 14200 Indian Avenue in North Palm Springs, California, ("the North Palm Springs property") with the property to be sold "free and clear of all liens, encumbrances, claims and other interests of any kind or nature."  (Bnk. Dkt. # 75 at ¶ 5).  Any such encumbrances were to attach to the net proceeds of the property after the payment by the Trustee of authorized expenses.  The Bankruptcy Court's Order also instructed the Trustee to commence an adversary proceeding to determine the validity, priority, and extent of any encumbrances, with payment to be made to the holders of the encumbrances according to the priority established by the court.  (Bnk. Dkt. # 75 at ¶ 6).

The North Palm Springs property was subsequently sold and, on June 1, 2006, the Trustee commenced an adversary proceeding (No. 06-4112) in the United States Bankruptcy Court for the Northern District of Ohio.  (Adv. Dkt. # 1).  Named as Defendants were, *inter alia*, Appellant; Riverside County, California ("Appellee"); and Camp Coast to Coast, Inc., and Affinity Group, Inc. (collectively, "Coast").  Appellant filed its Answer to the Trustee's Complaint on June 27, 2006, asserting an interest in the proceeds of the sale of the property based upon federal tax liens associated with parties other than the debtor.  (Adv. Dkt. # 8). On July 20, 2006, Coast filed its Answer, as well as a counterclaim asserting a judgment lien against Revcon Motor Coach, Inc. dba Two

---

[1] References herein to "Bnk. Dkt." relate to the docket of Bankruptcy Case No. 04-44837.  References to "Adv. Dkt." relate to the docket of Adversary Proceeding No. 06-4112.  References to "Dkt." relate to the docket of the instant appeal (Case No. 4:08 CV 2837).

Springs, ("Revcon") and alleging a fraudulent transfer of the North Palm Springs property from Revcon to the debtor after Coast had obtained judgment against Revcon but before the filing of Coast's judgment lien. (Adv. Dkt. # 15 at ¶ 10-13). Accordingly, Coast alleged that it had a valid lien upon the North Palm Springs property. Coast also filed a crossclaim alleging that the debtor was the alter ego of Revcon. (Adv. Dkt. # 15 at ¶ 16-19).

Appellee filed its Answer to the Trustee's Complaint on April 2, 2008. (Adv. Dkt. # 52). On December 3, 2008, upon Motion of Appellee, the Bankruptcy Court entered an Order deeming Appellee's Answer timely filed.[2] (Adv. Dkt. # 124, 139). In its Answer, Appellee asserted that it was "owed secured real property taxes that are a first priority lien under California law." (Adv. Dkt. # 52 at ¶ 5).

On April 4, 2008, Appellant and Coast each filed a Motion for Summary Judgment on the claims of the other. (Adv. Dkt. # 54, 55). Neither Motion addressed Appellee's lien claim. The Bankruptcy Court denied both Motions on June 30, 2008. (Adv. Dkt. # 62-64). The Court further indicated "its intent to [*sua sponte*] grant summary judgment in favor of the Trustee on the issue of whether Coast's fraudulent transfer claim is invalid as a matter of law," based upon its finding that the California statute of limitations for such a claim had expired. (Dkt. # 62 at 15). Coast was given ten days to respond with its argument as to why judgment should not be entered against it on the claims presented in Counts I and II of its counterclaim. Appellant and Coast each

---

[2] Appellee concedes that, pursuant to Rule 12(a) of the Federal Rules of Civil Procedure, its Answer was due by July 3, 2006, but asserts that "[b]etween June 1, 2006 and April 2, 2008 the [appellee] was in continuous contact with Andrew W. Suhur, Attorney for Elaine B. Greaves, Chapter 7 Trustee about payment of the secured real property taxes to Riverside Taxing Authority." (Dkt. # 11 at 2).

3

filed responses to the Court's Order. (Adv. Dkt. # 67, 68). On August 12, 2008, the Bankruptcy Court reversed its finding that the statute of limitations had run and vacated its June 30, 2008, Order denying Coast's Motion for Summary Judgment. (Adv. Dkt. # 92 at 8-10). The Court, upon reconsideration of Coast's Motion, nevertheless denied the Motion on other grounds. (Adv. Dkt. # 92).

On October 9, 2008, Appellant filed a Motion to Amend its Answer and Assert Crossclaim. (Adv. Dkt. # 113). Conceding that Appellee's lien claim, "to the extent it is valid," had priority over Appellant's lien claim, Appellant sought to assert a claim for equitable subordination. (Adv. Dkt. # 113 at 1-2). In support of its Motion, Appellant first alleged that a portion of the 18% interest charged by Appellee on the unpaid real estate taxes that formed the basis for its lien should be considered a non-pecuniary loss penalty and made subordinate to Appellant's lien claim. Appellant further argued that equitable subordination was appropriate because Appellee failed to apply partial payments to reduce the tax liabilities, allowing significant interest to accrue and unduly increasing the amount of Appellee's lien claim. Finally, Appellant argued that Appellee's failure to file an Answer to the Trustee's Complaint for nearly two years warranted equitable subordination of a portion of Appellee's lien claim. (Adv. Dkt. # 113 at 2-3). According to Appellant, certain of the above information "did not come to light until 2008." (Adv. Dkt. # 113 at 2-3). Appellant thus sought leave to amend its Answer and assert a crossclaim against Appellee. No party opposed the Motion.

On November 7, 2008, in a non-document docket entry following a telephonic status conference on the Motion, the Bankruptcy Court denied Appellant's Motion to

Amend Answer and Assert Crossclaim without explanation. The Court also set a trial date for the dispute between Appellant and Coast. That same day, the Bankruptcy Court marginally issued a Judgment Order directing the Trustee to pay Appellee "the amount of $303,191.70, as and for undisputed real estate taxes," with $13,291.32 to remain in a separate account "until further court order." (Dkt. # 118 at 2). According to the signatures on the Judgment Order, the document was prepared by counsel for the Trustee, and was stipulated to by counsel for Appellee. Counsel for Coast is listed as "Without Objection," while counsel for Appellant is noted to be objecting to the order. (Adv. Dkt. # 118 at 2). As part of its marginal entry, the Bankruptcy Court inserted the following:

> To the extent the United States of America objects to the agreement of Trustee and Riverside County, California regarding the priority or amount of the real property taxes owed, which are to be paid from the proceeds of sale, the Court hereby overrules the objection.

(Adv. Dkt. # 118 at 1).

On November 12, 2008, the Bankruptcy Court issued a written Order denying Appellant's Motion to Amend Answer and Assert Crossclaim. (Adv. Dkt. # 120). After summarizing Appellant's arguments in support of the Motion and noting that Appellant filed the Motion six months after Appellee filed its Answer, the Court stated:

> Given the posture and age of this case, together with the United States' six-month delay in filing the Motion for Leave, the Court finds that justice does not require the Motion for Leave to be granted because to do so would cause undue delay of the litigation.

(Adv. Dkt. # 120 at 3).

On November 14, 2008, Appellant filed a Notice of Appeal of the November 7 Judgment Order regarding distribution to Appellee. (Adv. Dkt. # 122). That appeal was

5

assigned Case No. 4:08 CV 2862 in this Court. On November 18, 2008, Appellant filed a Motion for Leave to Appeal Bankruptcy Court's Order Denying Leave to File Crossclaim, (Adv. Dkt. # 130), as well as a Notice of Appeal of the same Order, (Adv. Dkt. # 131). This Court granted leave to appeal the Order denying leave to file a crossclaim. That appeal was assigned Case No. 4:08 CV 2837 in this Court. Upon Motion of Appellant, the two appeals were consolidated on January 27, 2009. (Dkt. # 5). Appellant filed its Opening Brief on March 3, 2009. (Dkt. # 8). Appellee filed a Brief in Response and Appellant filed a Reply Brief. (Dkt. # 11, 14).

## II. LAW AND ANALYSIS

### A. Jurisdiction

This Court has jurisdiction over the appeal of the Bankruptcy Court's November 7, 2008, Judgment Order pursuant to 28 U.S.C. § 158(a)(1). The Court has jurisdiction over the appeal of the Bankruptcy Court's November 12, 2008, Order Denying Motion to Amend Answer and Assert Crossclaim pursuant to 28 U.S.C. § 158(a)(3).

### B. Standard of Review

#### *1. Denial of Motion to Amend Answer and Assert Crossclaim*

The denial of a motion for leave to amend a pleading is reviewed for abuse of discretion. Parry v. Mohawk Motors of Michigan, Inc., 236 F.3d 299, 306 (6th Cir. 2000).[3] "Abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." Bowling v. Pfizer, Inc., 102 F.3d 777, 780

---

[3] Where the denial is based upon the lower court's legal conclusion that the proposed amendment could not survive a motion to dismiss, the denial of a motion to amend is reviewed *de novo*. Parry, 236 F.3d at 306. In the instant matter, the record contains no such conclusion by the Bankruptcy Court. Therefore, the proper standard of review is for an abuse of discretion.

6

(6th Cir. 1996) (quoting Logan v. Dayton Hudson Corp., 865 F.2d 789, 790 (6th Cir. 1989)).

### *2. Judgment Order Regarding Distribution*

On appeal from the judgment of a bankruptcy court, a district court will review the bankruptcy court's legal conclusions *de novo*, while its findings of fact are set aside only if clearly erroneous. In re Isaacman, 26 F.3d 629, 631 (6th Cir. 1994).

### C. Motion for Leave to Amend Answer and Assert Crossclaim

Appellee does not address the merits of Appellant's arguments regarding the Bankruptcy Court's denial of leave to amend. Rather, Appellee asserts that Appellant lacked standing to amend its Answer or assert a crossclaim based upon equitable subordination. (Dkt. # 11 at 7). This argument is without merit. While the Sixth Circuit has not ruled on the issue, most courts have adopted the Seventh Circuit's holding in Matter of Vitreous Steel Products Co., 911 F.2d 1223, 1231 (7th Cir. 1990), that an individual creditor does have standing to seek equitable subordination of another creditor's claim. See In re Andrews, 2009 WL 1076831, *6 (W.D. Tex. 2009) (compiling and summarizing relevant cases). The Court finds this approach persuasive.[4] Appellant, therefore, did have standing to assert a crossclaim for equitable subordination.

---

[4] Under the Bankruptcy Code, "[a] claim or interest,…is deemed allowed unless a party in interest, including a creditor of a general partner in a partnership that is a debtor in a case under chapter 7 of [Title 11], objects." 11 U.S.C. § 502(a). Because § 502(a) includes in the definition of a "party in interest" a creditor of a person other than the debtor, it is natural to read that section as including creditors of the debtor as parties in interest. That is, it would be illogical to specifically include a creditor of one other than the debtor while at the same time intending to exclude creditors of the debtor from those identified as parties in interest. Thus, the Court reads § 502(a) as acknowledging that objections to the claim of one creditor may be made by another creditor. Moreover, where Congress intended to limit standing to debtors or trustees, it has clearly stated that intent. See 11 U.S.C. §§ 506(c), 544, 547(b), 548, 549. By contrast, 11 U.S.C. § 510(c), which governs claims of equitable subordination among individual creditors, contains no such language.

Rule 15(a) of the Federal Rules of Civil Procedure provides the mechanism by which a party may amend a pleading prior to trial. Fed.R.Civ.P. 15(a). Where leave of the Court is required in order to amend a prior pleading, as in the instant matter, the United States Supreme Court has identified several factors that should be considered, including "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962). "The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a).

The Sixth Circuit has adopted these factors, but has noted that "[d]elay by itself is not sufficient reason to deny a motion to amend." Wade v. Knoxville Utilities Bd., 259 F.3d 452, 458 (6th Cir. 2001) (quoting Head v. Jellico Housing Authority, 870 F.2d 1117, 1123 (6th Cir.1989)). Rather, "[n]otice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." Id.; see also Wallace Hardware Co., Inc. v. Abrams, 223 F.3d 382, 409 (6th Cir. 2000) ("Delay, standing alone, is an insufficient basis for denying leave to amend, and this is true no matter how long the delay."); Janikowski v. Bendix Corp., 823 F.2d 945, 951 (6th Cir. 1987) ("Delay that is not intended to harass the [opposing party] is not in itself a permissible reason to refuse leave to amend."). "Abuse of discretion occurs when a district court fails to state the basis for its denial [of leave to amend] or fails to consider

the competing interests of the parties and likelihood of prejudice to the opponent." Moore v. City of Paducah, 790 F.2d 557, 559 (6th Cir. 1986).

In denying Appellant's Motion to Amend Answer and Assert Crossclaim, the Bankruptcy Court cited only "the posture and age of this case" and "the United States' six-month delay in filing the Motion for Leave." (Adv. Dkt. # 120 at 3). Based on these considerations, the Bankruptcy Court determined that "justice [did] not require the Motion for Leave to be granted because to do so would cause undue delay of the litigation." (Adv. Dkt. # 120 at 3). Thus, the only reason given by the Court for precluding Appellant from amending its Answer was undue delay. As noted above, while delay is one factor to be considered alongside several others, it cannot stand alone as grounds for denying a motion to amend a pleading. In the instant matter, no party opposed the Motion to Amend or asserted that it would be prejudiced by the proposed amendment, and the Bankruptcy Court does not appear to have based its ruling on any perceived prejudice to another party.

Therefore, because the Bankruptcy Court failed to consider the competing interests of the parties and the likelihood of prejudice to the non-movants, it abused its discretion in denying leave to amend based solely on delay. Accordingly, the Bankruptcy Court's Order of November 12, 2008, denying Appellant's Motion for Leave to Amend Answer and Assert Crossclaim is hereby **VACATED and REMANDED** to the

9

Bankruptcy Court for reconsideration of Appellant's Motion in light of all the factors enumerated by the Supreme Court in Foman.[5]

### D. Judgment Order Regarding Distribution

In appealing the November 7, 2008, Judgment Order, Appellant argues that "the Bankruptcy Court…erred in summarily overruling all of the United States' objections to distribution to Riverside without explanation and without giving serious consideration to the individual objections." (Dkt. # 8 at 18-19). As noted above, the Judgment Order was submitted by counsel for the Trustee and entered by marginal order as the judgment of the Bankruptcy Court, with language added by the Court summarily overruling Appellant's objections without explanation. (Adv. Dkt. # 118). At the bottom of the Judgment Order, the signature line for counsel for Appellant states, "Objects to Order." (Adv. Dkt. # 118 at 2).

This Court reviews the Bankruptcy Court's legal conclusions *de novo*, while its findings of fact are set aside only if clearly erroneous. In re Isaacman, 26 F.3d 629, 631 (6th Cir. 1994). Pursuant to Rule 52 of the Federal Rule of Civil Procedure and Rule 7052 of the Federal Rules of Bankruptcy Procedure, "the [trial] court must find the facts specially and state its conclusions of law separately." Fed.R.Civ.P. 52(a)(1); see also Fed.R.Bankr.P. 7052. In the instant matter, however, the Bankruptcy Court, in its marginal order, made no findings of fact and drew no legal conclusions regarding Appellant's objections. Absent such, this Court is unable to review the November 7,

---

[5] To the extent that the Bankruptcy Court's November 12, 2008, Order denying Appellant's Motion for Leave to Amend Answer and Assert Crossclaim is a written opinion supporting the Bankruptcy Court's November 7, 2008, non-document docket entry denying the Appellant's Motion, the November 7, 2008, ruling on the Motion is hereby similarly vacated and remanded.

10

2008, Judgment Order of the Bankruptcy Court. In re Nemecek, 226 B.R. 284, *2 (10th Cir. BAP 1998).[6]

Appellee argues that the November 7, 2008, Judgment Order should be affirmed because Appellant did not object to the October 24, 2005, Order Authorizing Sale of Property. That argument is without merit. Any objection to the authorization of sale would have been separate and apart from Appellant's present objections to the amount of Appellee's lien claim to be given first priority for distribution. That is, Appellant did not object to the authorization of sale of the North Palm Springs property in October 2004, and its present objections are not contesting the sale of the property. Moreover, Appellee's assertion that the distribution of $303,191.70, is payment by the Trustee of "secured real property taxes," according to the Order Authorizing Sale is not persuasive. The Order Authorizing Sale authorized the Trustee to pay "accrued and delinquent real estate taxes in the approximate amount of $266,000 (the exact amount to be determined at closing)." (Bnk. Dkt. # 75 at ¶ 4). Appellant does not object to the "approximate amount of $266,000" listed in the Order Authorizing Sale. Rather, Appellant's objections and proposed crossclaim relate to the amount of interest that should properly be added to that figure and included in the amount which will be given first priority for distribution. That issue did not arise until after the adversary proceeding was commenced, and well after the Order Authorizing Sale was issued. Thus, Appellant's

---

[6] The Sixth Circuit Court of Appeals "generally disapproves of marginal orders," in part because of "the difficulty of properly reviewing such dispositions." Bank One of Cleveland, N.A. v. Abbe, 916 F.2d 1067, 1082 (6th Cir. 1990). This is the difficulty the Court faces in the instant matter.

failure to object to the October 24, 2005, Order Authorizing Sale does not require this Court to affirm the Bankruptcy Court's November 7, 2008, Judgment Order.[7]

Appellee also notes that, "[a]lthough the Appellant objected to the [November 7, 2008,] order verbally…no written objection was brought in the lower court." (Dkt. # 11 at 3). To the extent that Appellee argues that the Court should dismiss the appeal because of Appellant's failure to file written objections to the November 7, 2008, Judgment Order, the argument is unavailing. As Appellee acknowledges, Appellant did raise verbal objections to the order, a point which was made clear by the notation "Objects to order," on the signature line for counsel for Appellant in the Judgment Order. Moreover, the Bankruptcy Court's marginal entry did not state that Appellant failed to file written objections, but instead summarily ruled on the objections. Finally, the Bankruptcy Court was apprised of the substance of Appellant's objections by the proposed amended answer and counterclaim submitted by Appellant two months prior to the Judgment Order. (Adv. Dkt. # 113, Ex. 1).

Because the Bankruptcy Court's marginal order and overruling of Appellant's objections precludes this Court from meaningful review, the November 7, 2008, Judgment Order With Regard to Riverside County, California/Riverside County Treasurer is hereby **VACATED and REMANDED** to the Bankruptcy Court for further proceedings. On remand, the Bankruptcy Court should clearly state its reasons for overruling Appellant's objections to the Judgment Order.

---

[7] Appellee also argues that Appellant's failure to object to the Order Authorizing Sale renders Appellant without standing to challenge the November 7, 2008, Judgment Order. For the reasons stated in Part C, *supra*, this argument is without merit.

12

**III. CONCLUSION**

For the foregoing reasons, the Bankruptcy Court's Order of November 12, 2008, denying Appellant's Motion for Leave to Amend Answer and Assert Crossclaim is hereby **VACATED and REMANDED** to the Bankruptcy Court for reconsideration of Appellant's Motion.

Furthermore, the Bankruptcy Court's November 7, 2008, Judgment Order With Regard to Riverside County, California/Riverside County Treasurer is hereby **VACATED and REMANDED** to the Bankruptcy Court for further proceedings consistent with this opinion.

To be clear, this Court makes no findings with respect to the merits of the parties' arguments or objections in the context of either of the above orders.  Such findings are best left to the discretion of the Bankruptcy Court.

**IT IS SO ORDERED.**

>**/s/ Peter C. Economus – September 21, 2009**
>**PETER C. ECONOMUS**
>**UNITED STATES DISTRICT JUDGE**